```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
Fanny Fernandez,

                Plaintiff,                      09-MC-326 (CPS)
                                                98-CR-902

    -against-                                   MEMORANDUM
                                                OPINION AND
                                                AND ORDER
United States,

                Defendant.
----------------------------------X
```
SIFTON, Senior Judge.

On June 2, 2009, petitioner Fanny Ferndandez filed a motion seeking expungement or sealing of her criminal record of her conviction in *United States v. Fernandez*, No. 98 CR 902 (E.D.N.Y. filed August 19, 1998). For the reasons set forth below, the motion is denied.

## **BACKGROUND**

The following facts are taken from the parties' submissions in connection with this motion and the criminal complaint filed against petitioner.

On August 18, 1998, as petitioner attempted to board a flight at JFK Airport in Queens, New York, destined for Santo Domingo, Dominican Republic, a currency canine "alerted" to her. Petitioner was provided with a Spanish language version of the Customs declaration form and advised of her currency reporting requirements. Petitioner declared that she was carrying $1,000

and signed the form. Petitioner then produced $1,198 from her purse. A pat-down examination of petitioner revealed that she was carrying an additional $100,000 sewn into a blue tank top that she was wearing. The total amount of currency she was carrying was $111,198.

On November 17, 1998, petitioner pled guilty to knowingly and willfully failing to file a report when knowingly transporting monetary instruments of more than $10,000 at a time from the United States to a place outside the United States, in violation of 31 U.S.C. §§ 5316 and 5322. On June 1, 1999, I sentenced petitioner to three years of probation.

By motion dated June 2, 2009, petitioner requests that all records related to her arrest be expunged or sealed because her criminal record prevents her from obtaining employment, and she is currently unemployed.[1] The government responds that petitioner has not demonstrated the extreme circumstances necessary to warrant such relief.

**DISCUSSION**

Expungement or sealing[2] of a federal criminal record "lies

---

[1] Petitioner states in her petition, "I applied for different jobs and I always get [rejected] because of my felony. Right now I'm unemployed because my conviction [stayed] in my record. I was asked for [proof] of good conduct in order to get my job back but I'm still waiting."

[2] Courts analyze motions to seal and expunge a criminal record under the same standards. See, e.g., United States v. Feret, 2007 U.S. Dist. LEXIS 56878, 2007 WL 2262867 (E.D.N.Y. 2007); United States v. Robinson, 2007 U.S. Dist. LEXIS 52084, 2007 WL 2077732 (E.D.N.Y. 2007); Lyp v. United States, 2007 U.S. Dist. LEXIS 4331, 2007 WL 188689 (E.D.N.Y. 2007).

within the equitable discretion of the court." *United States v. Schnitzer*, 567 F.2d 536, 539 (2d Cir. 1977). To determine whether expungement is appropriate, "the Government's need to maintain arrest records" is balanced against "the harm that the maintenance of arrest records can cause citizens." *Id*. The standard is "extremely stringent," *United States v. Doe*, 935 F. Supp. 478, 480 (S.D.N.Y. 1996), "and should be reserved for the unusual or extreme cases," *Schnitzer*, 567 F.2d at 539; *see also In re Farkas*, 783 F. Supp. 102, 103 (E.D.N.Y. 1992) ("expunction should not be granted routinely after an acquittal or the dismissal of charges, but should be reserved strictly for extreme cases of government misconduct."). Examples of extraordinary circumstances that may justify expungement include (1) "mass arrests" conducted under "procedures [that] rendered judicial determination of probable cause impossible"; (2) arrests made with "the sole purpose of . . . harass[ing] civil rights workers"; (3) "police misuse [of] police records to the detriment of the defendant"; and (4) "arrest[s] . . . based on a statute later declared unconstitutional." *Schnitzer*, 567 F.2d at 540 (citations omitted). Since the appropriateness is determined on a "case-by-case" basis, some courts have even granted expungement where an arrest or conviction was valid and no misconduct was involved so long as sufficient "extraordinary circumstances" existed. *See Doe*, 935 F. Supp. at 481 (holding that "extreme

circumstances" sufficient to expunge were present where the defendant was convicted 20 years earlier under a law since repealed, had no subsequent incidents with the law, was gainfully employed since that time, and demonstrated that the conviction record had an actual negative impact on his employment status).

Adverse employment decisions are, of course, one of the consequences of an arrest record. Where a record is accurate, regardless of the disposition of the case, courts have nearly uniformly rejected adverse employment effects as grounds for expungement. *Schnitzer*, 567 F.2d at 540 (affirming denial of motion to expunge arrest record where the indictment had been dismissed and defendant claimed difficulties in entering rabbinical profession; such a situation was not "harsh or unique" and an explanation may be expected from those about to enter a profession); *United States v. Feret*, 2007 U.S. Dist. LEXIS 56878, 2007 WL 2262867, at *1-2 (E.D.N.Y. 2007) (denying motion to seal or expunge although criminal complaint had been dismissed where defendant alleged "employment prospects have been or will be affected by the appearance of an arrest in his criminal history"); *United States v. Daisley*, 2006 U.S. Dist. LEXIS 88321, 2006 WL 3497855, at *1 (E.D.N.Y. Dec. 5, 2006) (denying motion to expunge arrest record, which had been inaccurate but was corrected, despite the fact that case was dismissed 10 years prior to motion and defendant alleged record affected his ability

to find employment); *Slansky v. Clerk, United States Dist. Court*, 1996 U.S. Dist. LEXIS 7906, 1996 WL 312401, at *2 (S.D.N.Y. Jun. 10, 1996) (refusing to expunge arrest record where criminal complaint was dismissed prior to indictment and petitioner alleged he had been fired when employer discovered the arrest through a background check); *In re Farkas*, 783 F. Supp. 102, 104 (E.D.N.Y. 1992) (declining to grant expungement of 20 year-old arrest record, where charges were dismissed once it was determined the substance was not a narcotic, where petitioner alleged the arrest would effect his current employment as a vice-president at a securities firm).

Petitioner states that she is unable to acquire employment but does not cite any specific examples that would provide support for a finding that her situation is especially harsh or extreme. Petitioner does not dispute the legality of her conviction, the statute under which she was charged, or her sentence. Accordingly, petitioner's case does not rise to the level of "extreme circumstances" required for expungement or sealing. Her situation is not so "harsh or unique" as to outweigh the government's interest in maintaining arrest records. The motion for expungement must be denied.

**CONCLUSION**

For the reasons stated below, the motion by petitioner to expunge or seal the record of her conviction is denied. The Clerk

is directed to transmit a copy of the within to all parties, and to mail a copy of the within to petitioner.

SO ORDERED.

Dated:    Brooklyn, NY
          July 23, 2009

                    By: /s/ Charles P. Sifton (electronically signed)
                                  United States District Judge